IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DANIEL EMERSON NORTON, | CIV. NO. 22-00128 JMS-RT |
| Petitioner, | ORDER DISMISSING WITH LEAVE TO AMEND PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241, ECF NO. 1 |
| vs. | |
| ESTELA DERR, WARDEN,[1] | |
| Respondent. | |

## ORDER DISMISSING WITH LEAVE TO AMEND PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241, ECF NO. 1

### I.  INTRODUCTION

Before the court is pro se Petitioner Daniel Emerson Norton's ("Norton") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"), ECF No. 1.  As discussed below, the court DISMISSES the Petition with leave to amend certain claims.

### II.  BACKGROUND

Norton pled guilty pursuant to a plea agreement in the United States District Court for the Southern District of Ohio on April 15, 2019.  *See United States v. Norton*, No. 17-cr-00050-MHW-1 (S.D. Ohio), ECF Nos. 90, 92.  On

---

[1] The Petition misspells Respondent's first name as "Estella."  The caption reflects the correct spelling, "Estela."  *See* ECF No. 9 at PageID # 35 n.1.

November 26, 2019, he was sentenced by that court to a term of imprisonment of 96 months.  *Id.*, ECF No. 107.  He began serving that sentence in January 2020 at the Federal Correctional Institution in Morgantown, West Virginia ("FCI Morgantown").  *See id.*, ECF No. 123.  His projected release date is October 26, 2026.  *See* https://www.bop.gov/inmateloc/ (last visited July 8, 2022).

Norton was subsequently transferred to the Federal Detention Center in Honolulu, Hawaii ("FDC Honolulu"); he arrived at FDC Honolulu on January 18, 2022.  *See* ECF No. 9-1 at PageID # 56.[2]  On or about January 25, 2022, Norton received his "Individualized Needs Plan - Initial Classification" ("Needs Plan") from a case manager at FDC Honolulu.  *See* ECF No. 1 at PageID # 6; ECF No. 1-1 (Norton's Needs Plan dated January 25, 2022).

Norton filed his Petition on March 23, 2022,[3] asserting that his Needs Plan "contains many errors" and that FDC Honolulu and its staff have "refused to update the [Needs Plan]."  ECF No. 1 at PageID # 6.  Specifically, Norton alleges that his Needs Plan contains the following five errors:  (1) it omits two psychology

---

[2] All citations in this Order are to the docket in civil case number 22-00128 JMS-RT, unless noted otherwise.

[3] The Petition is deemed filed on the date Norton gave it to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (explaining prison mailbox rule); *Douglas v. Noelle*, 567 F.3d 1103, 1108-09 (9th Cir. 2009).  Here, the court assumes that Norton gave his Petition to prison officials for mailing on the date the Petition's envelope is postmarked, March 23, 2022.  *See* ECF No. 1-10.

classes and one psychology certification that Norton has completed; (2) it contains
an inaccurate assignment of healthcare level; (3) it incorrectly states that he is
ineligible for the Residential Drug Abuse Program; (4) it states an incorrect
restitution obligation; and (5) its calculation of accumulated time credits is
inaccurate.  *Id.* at PageID ## 6–7.  For relief, Norton requests that the court direct
FDC Honolulu, through Respondent Warden Estela Derr ("Warden Derr"), to
correct those errors.

    Before filing his Petition, Norton allegedly made "multiple attempts at
resolving [the errors in his Needs Plan]."  *Id.* at PageID # 7.  Those attempts
included filing a BP-8 informal-resolution request with his unit team, emailing his
case manager, and emailing his case manager's supervisor, all of which were
allegedly ignored.  *See id.*  Norton also filed a BP-9 formal complaint with FDC
Honolulu's warden, but that complaint was "rejected" (not "denied") because
Norton did not submit a BP-8 underlying his BP-9.  *See* ECF No. 1-7 (BP-9
rejection); *see also* ECF No. 1 at PageID # 7.  The BP-9 rejection was not final, as
it permitted Norton to correct his procedural errors, i.e., by presenting a previously
denied BP-8 informal-resolution when resubmitting his BP-9.  *See* ECF No. 1-7;
ECF No. 9 at PageID # 41 (explaining that "[Norton's] BP-9 was rejected and
returned to him with an explanation that he needs to properly follow BOP
administrative remedy procedures," and that Norton "could have filed a BP-8 with

Unit Manager Kris Robl at that point who could have, in turn, addressed any alleged errors"); *id.* at PageID # 42 (noting the "important distinction between a 'rejected' BP-9 . . . and a 'denied' BP-9").

Related to those efforts, Norton asserts that FDC Honolulu and its staff have "refus[ed] to allow inmates to pursue administrative remedies [up to a BP-11 appeal to the Federal Bureau of Prisons' General Counsel]," including by allegedly withholding BP-8 forms from inmates or not returning filed BP-8 forms to inmates and then denying BP-9 complaints on the basis of the lack of an underlying BP-8. *See* ECF No. 5 at PageID ## 27–28; *see also id.* at PageID # 27 (alleging that Unit Manager Kris Robl told inmates that "there are too many BP-8's [sic] coming from this unit" and that the inmates would "not [be] getting one" in the future); ECF No. 12 at PageID # 130 ("Mr. Robl informed inmates that he would no longer process BP-9's [sic] and hand out BP-8 forms. . . . This brings the entire process to a halt."). Norton specifically alleges that "he never received a returned BP-8 from the Unit Team and, therefore[,] could not proceed with further remedies." ECF No. 12 at PageID # 129.

After Norton filed his Petition, the court directed Warden Derr to file a response to the Petition, and the court permitted Norton file an optional reply. *See* ECF No. 6. Warden Derr filed her Response on May 24, 2022. ECF No. 9.

Norton filed his Reply on June 2, 2022.  ECF No. 12.  The court decides this matter without a hearing pursuant to Local Rule 7.1(c).

### III.  <u>STANDARD OF REVIEW</u>

Habeas corpus relief is available to a federal inmate pursuant to 28 U.S.C. § 2241 if the inmate can show that he or she is "in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3). Challenges to the execution of a sentence must be brought under § 2241 and in the "custodial court." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). More specifically, a challenge to the "manner, location, or conditions of a *sentence's execution*" must be brought under § 2241.  *Id.* (emphasis added). Challenges to the "conditions of confinement" cannot, however, be brought in a habeas corpus petition.  *Nettles v. Grounds*, 830 F.3d 922, 933 (9th Cir. 2016). The distinction between challenges to the "conditions of a sentence's execution" and challenges to the "conditions of confinement" is that the former "challenges the fact or duration of the . . . sentence," while the latter "challenges any other aspect of prison life."  *See id.* at 934; *see also Jordan-McFeely v. Fed. Bureau of Prisons*, 2021 WL 3610321, at *1 (E.D. Cal. June 29, 2021), *report and recommendation adopted*, 2021 WL 3602131 (E.D. Cal. Aug. 13, 2021).

When adjudicating a § 2241 petition, the district court must first determine whether it has jurisdiction over the petition before proceeding to any

other issue. *Hernandez*, 204 F.3d at 865. A district court can lack jurisdiction over a § 2241 petition due to, for example, not being the "custodial court," i.e., the court sitting in the federal district in which the petitioner is being held. *See id.* A district court can also lack jurisdiction over a § 2241 petition when the petition challenges determinations committed to the discretion of the Federal Bureau of Prisons ("BOP"). *Rodriguez v. Copenhaver*, 823 F.3d 1238, 1242 (9th Cir. 2016). And a district court can lack jurisdiction over § 2241 petitioners who do not have constitutional standing due to their failure to allege an injury-in-fact, their claims being moot, or their claims being unripe. *See, e.g.*, *Coal. of Clergy, Laws., & Professors v. Bush*, 310 F.3d 1153, 1157 (9th Cir. 2002); *Taniguchi v. Schultz*, 303 F.3d 950, 957 (9th Cir. 2002), *as amended* (Sept. 25, 2002); *Jefferson v. Thompson*, 2022 WL 1215441, at *3 (E.D. Cal. Apr. 25, 2022) (findings and recommendation); *Zhang v. Mukasey*, 2009 WL 812145, at *2 (C.D. Cal. Mar. 26, 2009).

Because Norton is proceeding pro se, the court liberally construes the allegations in his Petition. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is 'to be liberally construed' . . . [and] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))); *see also Ross v. Williams*, 950 F.3d 1160, 1173 n.19 (9th Cir. 2020) (recognizing that courts must construe habeas petitions

liberally and draw reasonable inferences in the petitioner's favor).  Even when

viewed liberally, however, a "cursory and vague claim" is insufficient to warrant

habeas relief.  *Greenway v. Schriro*, 653 F.3d 790, 804 (9th Cir. 2011) (citing

*James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are

not supported by a statement of specific facts do not warrant habeas relief.")); *see*

Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District

Courts[4] (providing in part that a habeas petition must "specify all the grounds for

relief" and "state the facts supporting each ground").

   As a prudential matter, an inmate must exhaust his administrative

remedies before filing a § 2241 petition in federal court.  *See Ward v. Chavez*, 678

F.3d 1042, 1045 (9th Cir. 2012).  But exhaustion of a § 2241 petition is not a

jurisdictional prerequisite and can be waived "if pursuing those [administrative]

remedies would be futile."  *Id.* (quoting *Fraley v. U.S. Bureau of Prisons*, 1 F.3d

924, 925 (9th Cir. 1993)).  The existence of a law plainly mandating a particular

result—such as language in an official BOP policy that is directly contrary to a

petitioner's claims—can make a § 2241 petitioner's exhaustion efforts futile.  *See*

---

[4] A § 2241 habeas petition is subject to the Rules Governing Section 2254 Cases in the
United States District Courts ("Habeas Rules").  *See* Habeas Rule 1(b) ("The district court may
apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."); *see also*
*Deedy v. Suzuki*, 326 F. Supp. 3d 1022, 1031 n.7 (D. Haw. 2018) (citing cases), *affirmed in part
and remanded on other grounds*, 783 F. App'x 780 (9th Cir.), *amended and superseded on
denial of rehearing*, 788 F. App'x 549 (9th Cir. 2019).

*id.* "Factors that weigh in favor of requiring exhaustion include whether '(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.'" *Huang v. Ashcroft*, 390 F.3d 1118, 1123 (9th Cir. 2004), *as amended* (Jan. 31, 2005) (quoting *Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003)).

## IV.  DISCUSSION

As a preliminary matter, this court is the "custodial court" for petitioner Norton because he is currently being held at FDC Honolulu.  And Norton's Petition raises issues that are not fully delegated to the discretion of BOP or FDC Honolulu.  *Compare* ECF No. 1 at PageID # 7 (Norton alleging that his healthcare-level is inadequate), *and* ECF No. 12 at PageID # 131 (Norton asserting that he was being regularly treated by a neurologist at FCI Morgantown but is receiving only medication while being held at FDC Honolulu), *with White v. Derr*, 2022 WL 1173566, at *3 (D. Haw. Apr. 20, 2022) (dismissing § 2241 petition because BOP has exclusive discretion under federal law in deciding to place inmates in home confinement).

Regarding exhaustion, if FDC Honolulu's staff are truly balking at the remedies process as Norton alleges, Norton's efforts to exhaust may indeed be futile.  Specifically, if Norton is correct that staff are not responding to BP-8s (or related emails) and are no longer providing BP-8s to inmates, it seems futile for Norton to file BP-10 and BP-11 appeals[5] because those appeals must be predicated on a merits denial of a BP-9 (not a procedural rejection of a BP-9 due to the absence of an attached BP-8).  *See* 28 C.F.R. § 542.13(a) ("Except as provided in § 542.13(b) [(allowing, among other things, a warden to waive the informal resolution requirement)], an inmate shall first present an issue of concern informally to staff [(e.g., through a BP-8)], and staff shall attempt to informally resolve the issue before an inmate submits a [BP-9] Request for Administrative Remedy."); *id.* § 542.17(c) (specifying that an inmate "may appeal the rejection" of a BP-9 complaint when "the inmate is *not* given an opportunity to correct the defect and resubmit" (emphasis added)).

In other words, because Norton's BP-9 was "rejected" on procedural grounds, ECF No. 1-7, and because he was given the opportunity to resubmit that BP-9 with an underlying BP-8, *see* ECF No. 9 at PageID # 41, Norton might have been precluded from filing BP-10 or BP-11 appeals of the BP-9, according to the

---

[5] If denied, a BP-11 appeal would have fully exhausted Norton's claims.  *See* ECF No. 9-1 at PageID # 54, ¶ 5 (declaration of Unit Manager Robl) (citing 28 C.F.R. § 542.15).

language in 28 C.F.R. § 542.17(c).  And assuming Norton's allegations are true,

Norton could not have remedied his procedural defect by providing an underlying

BP-8, because BP-8s were no longer being provided to inmates and, moreover,

were not being responded to by FDC Honolulu's staff.  Those circumstances could

demonstrate futility and could support waiving the exhaustion requirement under

the factors laid out in *Huang*, 390 F.3d at 1123.[6]

      But the court does not reach the question of whether Norton's

exhaustion efforts would have been futile, nor whether Norton's allegations of

balking are true.  Rather, the court addresses only the merits of Norton's petition—

all of his claims concerning the Needs Plan must be dismissed on jurisdictional

grounds or for failure to allege facts warranting habeas relief.

## A.    Omission of Psychology Classes and Certification

      Norton claims that his Needs Plan omits "2 Psychology classes

(Trauma Class completed May 2021 and Cognitive Behavior completed 2021) and

1 certification (Suicide Cadre)."  ECF No. 1 at PageID ## 6–7.  In response,

Warden Derr asserts with supporting evidence that Norton's completions of the

psychology classes and certification are chronicled in a confidential database that

---

[6] The last two *Huang* factors would favor waiving the exhaustion requirement under such circumstances.  *See Hernandez v. Sessions*, 872 F.3d 976, 988–89 (9th Cir. 2017) (analyzing same factor test for prudential-exhaustion requirement in BIA immigration case where administrative appeal was futile).

is maintained separately from Norton's Needs Plan.  *See* ECF No. 9 at PageID # 45 (describing how the "sensitive nature [of] inmate psychology records" causes those records to "not [be] reflected on an inmate's initial needs sheet"); *see also* ECF No. 9-1 at PageID ## 56–57, ¶ 9 (declaration of Unit Manager Robl stating the same); ECF No. 9-5 (printout of Norton's records from database).

Upon inspection by the court, those records reflect the completions of the classes and certification that are the subjects of Norton's claim.  *See* ECF No. 9-5 at PageID # 87 (record reflecting completion of "TS&R" group sessions, with a preliminary recommendation from a psychologist that Norton "complet[e] . . . the trauma series," i.e., the trauma class); *id.* at PageID # 88 (record reflecting completion of "Basic Cognitive Skills" group sessions, i.e., the cognitive behavior class); *id.* at PageID # 89 (record reflecting enrollment but subsequent expulsion from "Companion Cadre" group sessions).[7]

And given that Norton's psychology classes and certifications are in fact being recorded by FDC Honolulu—albeit separately from his Needs Plan— Norton has failed to allege facts demonstrating that he has suffered an "injury in fact" by those classes and certification being left off his Needs Plan.  *See Xuyue*

---

[7] Because those records and the supporting declaration by Unit Manager Robl conclusively establish that Norton's psychology classes and certifications are being documented by FDC Honolulu, the court need not hold an evidentiary hearing before dismissing Norton's psychology-classes claim under 28 U.S.C. § 2241.  *See Anderson v. United States*, 898 F.2d 751, 753 (9th Cir. 1990) (citing *Spikes v. United States*, 633 F.2d 144, 145 (9th Cir. 1980)).

*Zhang v. Barr*, __ F. Supp. 3d __, 2020 WL 1502607, at *5 (C.D. Cal. Mar. 27, 2020) ("[A] [petitioner] must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent, not conjectural or hypothetical.'" (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992))).  Put simply, Norton has shown no harm, and without a harm, the court lacks jurisdiction over Norton's claim because he lacks constitutional standing.  *See, e.g.*, *Grisso v. Moore*, 2010 WL 2511155, at *7 (E.D. Cal. June 17, 2010) ("[N]or had [§ 2254 petitioner] suffered an injury in fact necessary to the exercise of jurisdiction as a matter of constitutional standing.").

Nevertheless, to the extent Norton can show that his psychology-class records (as maintained in the confidential database) contain inaccuracies that injure him with respect to the facts or duration of his sentence, or that FDC Honolulu's segregating those records from his Needs Plan injures him with respect to the facts or duration of his sentence, Norton is given leave to amend his Petition to allege facts supporting such harms.  If he chooses to amend, Norton must also specify a provision of "the Constitution or laws or treaties of the United States" (which includes BOP's regulations) that he believes has been violated.  *See* 28 U.S.C. § 2241(c)(3).

**B.      Inaccurate Healthcare Level**

Norton claims that his Needs Plan "does not [accurately] reflect [the] current Care Level" required to treat his medical conditions.  ECF No. 1 at PageID # 7; *see also id.* (describing how he "has a brain cyst").  Norton's Needs Plan reflects a healthcare level of "Care 1," "healthy or simple chronic care."  ECF No. 1-1 at PageID # 10.  Norton asserts that he "has not received any treatment, just medication[,] since early June 2021 from [BOP]" and that he was previously "in the care of neurologist Dr. Dominika Lozowska [at FCI Morgantown] [before] he was transferred to FDC Honolulu . . . ."  ECF No. 12 at PageID # 131.  "Now four months [after an initial consultation] and nearly a year since the Petitioner [was] treated for the cyst [with medication], he is still waiting for treatment [from a neurologist]."  *Id.*

The problem with Norton's healthcare-level claim is that, even assuming he has been inaccurately classified under BOP's medical regulations,[8] his claim does not concern the manner, location, or conditions of the execution of his sentence.  Norton's claim instead challenges a condition of confinement—healthcare classification and treatment—that is not connected to the facts or duration of the sentence imposed by the United States District Court for the

---

[8] *See generally* ECF No. 9-7 (BOP's "Care Level Classification for Medical and Mental Health Conditions or Disabilities); U.S. Dep't of Just., *Legal Resources Guide to the Federal Bureau of Prisons* (2014), *available at* https://www.bop.gov/resources/pdfs/legal_guide.pdf.

Southern District of Ohio.  *See Bruno v. Warden*, 2021 WL 2323941, at *4 (C.D. Cal. May 14, 2021) ("Petitioner's allegations about the alleged failure of FCI Victorville staff to acknowledge and treat his dental problems challenge the conditions of his confinement—the manner in which medical care is provided or withheld—not the execution or validity of his sentence.") (collecting cases), *report and recommendation adopted*, 2021 WL 2313657 (C.D. Cal. June 7, 2021); *see also Nettles*, 830 F.3d at 933–34.  Hence, this claim cannot be brought under § 2241 and must be dismissed.  *See Jordan-McFeely*, 2021 WL 3610321, at *1. That dismissal is without leave to amend because any amendment would be futile. *See Nguyen v. Derr*, 2022 WL 1004206, at *3 (D. Haw. Apr. 4, 2022).

## C.  Incorrect Statement of Eligibility for Residential Drug Abuse Program

Norton claims that his Needs Plan incorrectly "states that [he] is ineligible for 18 U.S.C. § 3621 credit," i.e., credit for completing the Residential Drug Abuse Program ("RDAP").  ECF No. 1 at PageID # 7.  Norton alleges that he previously "signed a document at FCI Morgantown . . . [that] confirmed that he was to receive credit."  *Id.*[9]

---

[9] Although 18 U.S.C. § 3621 commits much of RDAP to the judgment and discretion of BOP, it would not be discretionary for FDC Honolulu to deny completion credit to Norton if he, in fact, completed RDAP and has a certificate of credit signed by officials at FCI Morgantown. *Cf. Day v. Ives*, 2011 WL 5554876, at *1 (E.D. Cal. Nov. 15, 2011) ("As it is arguable that petitioner completed RDAP [given the certificate of completion], respondent has failed to demonstrate that this case is moot."), *report and recommendation adopted as modified*, 2012 WL 366573 (E.D. Cal. Jan. 31, 2012); *Crickon v. Thomas*, 579 F.3d 978, 983–87 (9th Cir. 2009)

(continued . . . )

In Response, Warden Derr asserts with supporting evidence that

Norton's records have been "updated . . . to reflect qualification for [RDAP]," with

Norton having been "accepted into the RDAP class held at the Federal

Correctional Institute in Sheridan, Oregon."  ECF No. 9 at PageID # 47; *see*

*also* ECF No. 9-1 at PageID # 58, ¶ 9(3) (declaration of Unit Manager Robl stating

the same); ECF No. 9-6 at PageID # 91 (inmate-profile sheet showing eligibility

for RDAP).  It is clear to the court based on the evidence cited by Warden Derr

that Norton is in fact eligible to attend RDAP.[10]  With that eligibility—and

assuming Norton's claim is that his Needs Plan inaccurately shows ineligibility to

attend a *future RDAP*—Norton's RDAP-eligibility claim is moot.  The court lacks

jurisdiction over such a claim.  *See Mukasey*, 2009 WL 812145, at *2 ("The moot

state of [habeas corpus] petitioner's claim deprives this Court of its power to act.").

But it is possible that Norton's RDAP-eligibility claim is instead that

he has already completed RDAP and that his Needs Plan should reflect such a

completion lest he not be considered for a reduced sentence in the future.  *See* 18

U.S.C. § 3621(e)(2)(B) (specifying that BOP may reduce the sentence of an inmate

---

(BOP's categorical exclusion of inmates from RDAP reviewable on § 2241 petition under the
Administrative Procedure Act, 5 U.S.C. § 706).

[10] Because the evidence submitted by Warden Derr conclusively establishes that Norton
is eligible for RDAP, the court need not hold an evidentiary hearing before dismissing Norton's
RDAP-eligibility claim under 28 U.S.C. § 2241.  *See Anderson*, 898 F.2d at 753 (citing *Spikes*,
633 F.2d at 145).

who has completed RDAP).  In that respect, Norton's Petition and Reply describe

his RDAP-eligibility claim using vague and ambiguous language.  *See* ECF No. 1

at PageID # 7 (alleging that his Needs Plan incorrectly shows that he is "ineligible"

for credit, but also alleging that a document signed by FCI Morgantown officials

confirms "he was to receive credit"); ECF No. 12 at PageID # 131 (Norton alleging

that he "signed documentation . . . at FCI Morgantown which granted [him] the

3621 credit."); *id.* (Norton arguing that "[i]t is important to note that while

[Warden Derr's] Response agrees to 'participate' in the program, it does not

confirm [the §] 3621 credit.").

       Because Norton's RDAP-eligibility claim is vague and ambiguous—

and because one possible interpretation of that claim results in mootness—Norton

has failed to state a claim warranting relief under 28 U.S.C. § 2241.  *See*

*Greenway*, 653 F.3d at 804.  Norton's RDAP-eligibility claim is thus dismissed

with leave to amend, but only to the extent he can provide a clear statement of

specific facts supporting a claim that is not moot.  If he chooses to amend, Norton

must also specify how his RDAP-eligibility claim does not fall within the

exclusive discretion of BOP pursuant to 18 U.S.C. § 3621(e),[11] and he must specify

how his claim is challenging the facts or duration of his sentence.[12]

## D.      Incorrect Restitution Obligation

Norton claims that his Needs Plan shows an incorrect restitution

obligation of $2,383,850.71, ECF No. 1-1.  *See* ECF No. 1 at PageID # 7.

Although Norton "is not sure exactly what the [correct] amount should be," he

mentions a "payment of $980,000 toward the ordered restitution" that was recently

facilitated by the United States District Court for the Southern District of Ohio and

that should be reflected on the Needs Plan, according to Norton.  *See id.*  In

response, Warden Derr asserts with supporting evidence that Norton's restitution

obligation has been updated since Norton filed his Petition and that the update

accounts for the recent payment of $980,000.  *See* ECF No. 9 at PageID ## 47–48;

ECF No. 9-1 at PageID # 59, ¶ 9(4) (declaration of Unit Manager Robl stating the

same); ECF No. 9-8 (updated restitution-inquiry report).[13]  In his Reply, Norton

---

[11] *See generally Close v. Thomas*, 653 F.3d 970, 974 (9th Cir. 2011); *Crickon*, 579 F.3d at 983–87.

[12] "[H]abeas might not even be *available* for 'probabilistic' claims," e.g., when "success on a claim would be 'likely' to lead to an earlier release."  *Nettles*, 830 F.3d at 934 (citation and internal quotation marks omitted).

[13] Because the evidence submitted by Warden Derr conclusively establishes that Norton's restitution obligation has been updated, the court need not hold an evidentiary hearing before dismissing Norton's restitution-obligation claim under 28 U.S.C. § 2241.  *See Anderson*, 898 F.2d at 753 (citing *Spikes*, 633 F.2d at 145).

does not address Warden Derr's assertions regarding the recent update—in fact, he does not address his restitution-obligation claim at all.  *See* ECF No. 12.

The court discerns from Norton's Reply that he is satisfied with the update to his restitution obligation.  Norton's restitution-obligation claim is thus dismissed as moot.  Out of caution, the court grants Norton leave to amend his restitution-obligation claim to the extent Norton can assert that there is still a mistake relating to his restitution obligation, and how that mistake injures him with respect to the facts or duration of his sentence.  If he chooses to amend this claim, Norton must also specify a provision of "the Constitution or laws or treaties of the United States" (which includes BOP's regulations) that he believes has been violated.  *See* 28 U.S.C. § 2241(c)(3).

## E.    Inaccurate Calculation of Accumulated Time Credits

Finally, Norton claims that his Needs Plan reflects an inaccurate calculation of "[First Step Act] Time Credits that [Norton] has accumulated."  ECF No. 1 at PageID # 7.  In his Reply, Norton clarifies that he is asking for a correction to the calculation "in order to address any potential inaccuracies."  ECF No. 12 at PageID # 131.

As Warden Derr correctly counterargues, *see* ECF No. 9 at PageID ## 48–49, the problem with Norton's time-credits claim is that it is not ripe for review by a federal court.  BOP and FDC Honolulu prioritize the recalculation of

time credits for inmates that are nearing release, i.e., inmates with a projected

release date within the next 24 months.  ECF No. 9-1 at PageID # 59, ¶ 9(5)

(declaration of Unit Manager Robl); *see also Jefferson*, 2022 WL 1215441, at *3

(findings and recommendation) ("BOP has not yet calculated petitioner's [earned

time credits] because his release date is too far in the future and the agency has

chosen to calculate FSA sentencing credits on a rolling basis with those with an

anticipated release date within 45 days given first priority.").

Norton's projected release date is more than four years away.  Given

that lack of proximity and given Norton's assertion that FDC Honolulu should

simply correct "potential inaccuracies" with his time credits, Norton has failed to

allege facts demonstrating a current harm.  Put differently, his claim is not ripe for

review because he is not currently being harmed by the any allegedly inaccurate

time-credit calculation. *See Jefferson*, 2022 WL 1215441, at *3 ("The [First Step

Act] mandated giving prisoners with impending release dates priority in

participating in the programs and activities to earn these time credits, and, at this

juncture, the court has no way of knowing exactly how the BOP will actually

calculate petitioner's earned time credits. . . .  As a result, this case is not ripe for

adjudication because it hinges upon contingent future events that may not occur as

anticipated."  (citation and internal quotation marks omitted))).

Because Norton's time-credits claim is not ripe, the court lacks jurisdiction over that claim, and it must be dismissed.  *See Barapind v. Reno*, 225 F.3d 1100, 1114–15 (9th Cir. 2000) (affirming dismissal of habeas petition because, *inter alia*, petitioner's claim was not ripe).  The court, however, dismisses the time-credits claim with leave to amend—Norton is permitted to amend his time-credits claim to the extent he can allege facts demonstrating that he is currently being injured by the inaccurate calculation of time credits, and how that injury affects the facts or duration of his sentence.  If he chooses to amend this claim, Norton must also specify a provision of "the Constitution or laws or treaties of the United States" (which includes BOP's regulations) that he believes has been violated.  *See* 28 U.S.C. § 2241(c)(3).

## V. <u>CONCLUSION</u>

In sum, the court either lacks jurisdiction over Norton's claims or cannot adjudicate his claims due to vagueness.  Norton's Petition is therefore DISMISSED.  He is granted leave to amend all of his claims except for his healthcare-level claim.  If Norton chooses to file an amended petition, he must do so by August 12, 2022.  Failure to file an amended petition by August 12, 2022 will result in automatic dismissal of this action.

If Norton chooses to proceed with amendments, his newly asserted

claims must be supported by short and plain statements of the following:

(A)     Psychology-classes claim—allegations that Norton's psychology-class
        records (as maintained in the confidential database) injure him with
        respect to the facts or duration of his sentence, or that FDC
        Honolulu's segregating those records from Norton's Needs Plan
        injures him with respect to the facts or duration of his sentence;

(B)     RDAP-eligibility claim—allegations that specify how Norton is still
        being injured after the update to his RDAP eligibility and that provide
        challenges to the facts or duration of his sentence outside of BOP's
        discretion under 18 U.S.C. § 3621(e);

(C)     Restitution-obligation claim—allegations that there is a mistake
        relating to his restitution obligation even after the recent update and
        that the mistake injures him with respect to the facts or duration of his
        sentence; and

(D)     Time-credits claim—allegations that Norton is currently being injured
        by the inaccurate calculation of time credits and how that injury
        affects the facts or duration of his sentence.

For all of those claims, Norton must specify the provision of "the Constitution or

laws or treaties of the United States" (which includes BOP's regulations) that has

been violated.[14]  And to be clear, any amended petition must be rewritten in its

entirety and may not incorporate any part of the first Petition.  A cause of action

that is not raised in the amended petition is deemed waived.  *See Hal Roach*

---

[14] If Norton files an amended petition, the court may reach the issue of administrative
exhaustion when adjudicating the amended petition, *see* discussion *supra* pp. 8–10.

*Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original.").

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 8, 2022.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Norton v. Derr*, Civ. No. 22-00128 JMS-RT, Order Dismissing with Leave to Amend Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, ECF No. 1